UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUE HEYREND,<br><br>          Plaintiff,<br><br>v.<br><br>BADGER MEDICAL, P.A.,<br><br>          Defendant. | Case No. 4:21-cv-00137-CWD<br><br>**ORDER** |

Before the Court is Defendant's motion to dismiss, filed on October 24, 2021. (Dkt. 25.) Defendant contends the applicable statute of limitations bars Counts I – IV of the Complaint, which claims are brought under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 - 12213 (collectively, the "ADA"), 42 U.S.C. § 12101, *et. seq*., and the Idaho Human Rights Act, § 67-5901, *et. seq*.

In opposition to the motion, Plaintiff submitted the declarations of her attorney and her attorney's legal assistant. (Dkt. 29, 30.) Defendant did not file a reply.

Upon review of the record and the documents submitted in support of and in opposition to the motion, the Court will convert the motion to dismiss to a motion for

ORDER - 1

partial summary judgment regarding Counts I - IV of the complaint.[1] Fed. R. Civ. P. 12(d). The motion cannot be resolved without considering the declarations. Further, the Court cannot resolve the legal issues presented without additional briefing, supporting materials, and evidence. Therefore, the Court is requesting supplemental briefing, as explained below.

Plaintiff contends her complaint was timely filed. She presented the declarations of her attorney and her attorney's legal assistant, which state their law firm did not actually receive the EEOC's notice of right to sue letter until December 21, 2020. But, binding legal authority holds that, to rebut the presumption that Plaintiff received the EEOC's letter within three days of its mailing, the 90-day limitations period begins when either Plaintiff or her attorney actually received the EEOC letter, whichever is first. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93 (1990); *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1122 (9th Cir. 2007); *Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014).

Here, the record is silent regarding when Plaintiff herself actually received the EEOC's letter. Absent such evidence, the Court is constrained to apply the presumption that Plaintiff received the EEOC's letter within three days of its mailing.[2] The EEOC letter was mailed to Plaintiff and to lawyers for both parties on December 15, 2020. Consequently, Plaintiff presumptively received the letter on December 18, 2020.

---

[1] Defendant presented no argument addressing whether the Court should decline to exercise its discretionary authority to retain jurisdiction over Count V, Plaintiff's state law claim for negligent infliction of emotional distress.

[2] Both parties submitted a copy of the EEOC's letter indicating its date of mailing was December 15, 2020. (Dkt. 25 at 5; Dkt 29 at 6.)

**ORDER - 2**

Plaintiff will therefore be allowed to present additional evidence and argument concerning the date she actually received the EEOC's letter. *See, e.g., Schulman v. Wynn Las Vegas, LLC*, 593 F. App'x 673, 674 (9th Cir. 2015) ("The district court failed to provide sufficient reason to disbelieve Schulman's testimony that he checks his mailbox daily; that he received the EEOC letter on May 24, 2012; that he documented the date of receipt; and that he delivered a copy of the letter to his attorney and informed him of the date of receipt.").

Defendant did not respond to Plaintiff's argument that it waived the statute of limitations defense, because the defense was not included in its answer. (Dkt. 5.) Plaintiff asserts she is prejudiced by Defendant's failure to raise the defense until now. *See, e.g., Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (holding failure to raise statute of limitations defense in initial pleading did not preclude bringing motion for summary judgment based on that defense where no prejudice had been claimed by plaintiffs, and citing *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803 (9th Cir. 1982)); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be [pled] for the first time in a motion for summary judgment."); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding no authority for the assertion that prejudice should be measured by litigation expenses incurred prior to raising an affirmative defense). Defendant may, therefore, file a reply brief, accompanied by additional materials and evidence, addressing Plaintiff's arguments and her claim of prejudice.

**ORDER - 3**

Defendant also is directed to address Count V, which alleges negligent infliction of emotional distress. Defendant moved for dismissal of Counts I – IV, and asserted only that Plaintiff should be left to "file Count V…in the appropriate state court." Defendant did not address whether the Court should decline to exercise its discretion to retain supplemental jurisdiction over Count V, if Counts I – IV are dismissed. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (explaining that district courts may choose to retain or decline supplemental jurisdiction over state law claims after the federal claims have been dismissed).

Plaintiff will be permitted to file a sur-reply responsive to the arguments and evidence submitted by Defendant in its reply.

**ORDER - 4**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 25) is converted to a motion for partial summary judgment. Fed. R. Civ. P. 12(d).

2) Plaintiff has up through and including January 14, 2022, within which to submit a supplemental brief and additional evidence by declaration or affidavit.

3) Defendant has up through and including January 28, 2022, to file a reply brief, and any additional evidence responsive to Plaintiff's waiver and prejudice arguments.

4) Plaintiff has up through and including February 4, 2022, to file a sur-reply brief.