UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUE HEYREND,<br><br>                              Plaintiff,<br><br>v.<br><br>BADGER MEDICAL, P.A.,<br><br>                              Defendant. | Case No. 4:21-cv-00137-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss, which the Court converted to a motion for partial summary judgment. (Dkt. 25, 31.) Defendant contends the applicable statute of limitations bars Plaintiff's claims brought under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101-12213 (collectively, the "ADA"), 42 U.S.C. § 12101, *et. seq.*, and the Idaho Human Rights Act, § 67-5901, *et. seq.* ("IHRA") The motion is fully briefed and ripe for the Court's consideration.[1] Having fully reviewed the record, the Court finds that the facts

---

[1] The Court allowed additional briefing upon conversion of the motion to a motion for partial summary judgment, and considered the motion fully briefed as of February 10, 2022. (Dkt. 31, 41.)

**MEMORANDUM DECISION AND ORDER  - 1**

and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d).

The motion will be denied, for the reasons explained below.

## BACKGROUND

Defendant employed Plaintiff as a licensed practical nurse from 2009, until her termination from employment in or about July of 2019. She alleges she was discriminated against by Defendant and subject to adverse employment action, in violation of the ADA and the IHRA, on the basis of disability. Plaintiff alleges also that Defendant's negligent conduct caused her to suffer emotional distress.

Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 5, 2020, which was filed also with the Idaho Human Rights Commission. Compl. ¶ 38. (Dkt. 1.) The EEOC issued its dismissal and notice of right to sue letter on December 15, 2020. (Dkt. 25 at 5.) The EEOC letter indicates it was mailed on December 15, 2020, to the Plaintiff at her address of record in Nampa, Idaho; to Defendant, care of Defendant's attorney; and to Plaintiff's attorney. (Dkt. 25.)

The notice states: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." *Id.* Plaintiff alleges in the complaint that she received the EEOC letter "on or about December 21,

2020." Compl. ¶ 39. (Dkt. 1.) Plaintiff filed the complaint in this matter on Monday, March 22, 2021.[2]

Defendant filed its verified answer to the complaint on May 10, 2021. (Dkt. 5.) In addition to generally denying Plaintiff's claims, the answer asserts the following affirmative defenses: failure to state a claim upon which relief can be granted; waiver; estoppel; laches; satisfaction and accord; full performance; and voluntary resignation. (Dkt. 5.)

Defendant filed a motion to dismiss on October 25, 2021, insisting the Complaint should be barred pursuant to the applicable statute of limitations. (Dkt. 25.) In response, Plaintiff contends Defendant waived the affirmative defense of statute of limitations by failing to assert the defense in its answer, and she submitted additional affidavits for the Court's consideration regarding the date the EEOC letter was received. (Dkt. 28, 29, 30.) Because matters outside of the pleadings were submitted, the Court converted the motion to a motion for partial summary judgment pursuant to Fed. R. Civ. P. 12(d), and requested additional briefing. (Dkt. 31.)

Central to resolution of the legal issue regarding the statute of limitations is when either Plaintiff or her attorney received the letter from the EEOC. Plaintiff submitted the Declaration of Jill Lott, legal secretary to Plaintiff's attorney. (Dkt. 29.) Ms. Lott sets forth the standard procedure for receipt of mail at the law firm, and contends she followed that procedure on Monday, December 21, 2020. This procedure requires her to

---

[2] Ninety days from December 15, 2020, falls on Monday, March 15, 2020.

**MEMORANDUM DECISION AND ORDER - 3**

open all mail on the date of delivery; date stamp the mail as received reflecting the day's date; and notify the respective attorney. Decl. of Lott ¶¶ 3 – 11. (Dkt. 29.) She stated that procedure was followed with respect to the EEOC letter, and that she date stamped it as received on December 21, 2020. Decl. of Lott ¶¶ 7-10. Plaintiff's counsel confirmed that Ms. Lott provided the EEOC letter to her that same date, and that, upon reviewing the letter, she calendared the expiration of the 90-day limitations period for March 22, 2021.[3]

In conjunction with her opposition to Defendant's motion, Plaintiff submitted a declaration dated January 13, 2022. Decl. of Heyrend. (Dkt. 33-1.) In her declaration, Plaintiff states that, "at no time" did she receive a copy of the EEOC letter through the mail at her address of record in Nampa, Idaho, despite her routine practice of checking her mail every other day. Decl. of Heyrend ¶¶ 3 – 6. Plaintiff states also that she never received a copy of the EEOC letter from the EEOC via any other means. Decl. of Heyrend ¶ 7.

Plaintiff's deposition was taken on July 23, 2021, when she was asked the following questions concerning when she received the EEOC letter:

> Q: And then you filed a claim with the EEOC through your counsel, correct?
> A. Uh-huh.
> Q: And then you received a notification of your right to sue on December 21, 2020, correct?
> **Ms. Kirkham**: Objection. Foundation.
> Q. **By Mr. Swafford:** Go ahead. It's got to be audibly. I'm Sorry.
> A. Yes.

---

[3] Plaintiff's attorney calculated ninety days from receipt of the letter, which fell on Sunday, March 21, 2021. Decl. of Kirkham ¶ 8. (Dkt. 30.) She therefore calendared the filing deadline for March 22, 2021. Decl. of Kirkham ¶ 10.

**MEMORANDUM DECISION AND ORDER  - 4**

> Q. Okay. And then you filed your complaint on March 22 of 2021, correct?
> A. Correct.

Decl. of Swafford, Ex. A, Depo. of Jacque Heyrend at 92. (Dkt. 35.) No further questions were asked by Defendant's counsel concerning Plaintiff's receipt of the EEOC letter.

Defendant moved to strike Plaintiff's declaration, contending that Plaintiff's deposition testimony, provided before the motion to dismiss was filed, contradicts the statements she made under penalty of perjury in her July 13, 2022 declaration concerning lack of receipt of the EEOC letter. (Dkt. 34.) Plaintiff disputes Defendant's characterization of her declaration as sham testimony.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the Court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the Court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Here, the Court converted the motion to a motion for summary judgment governed by Rule 56. Fed. R. Civ. P. 12(d). Under Fed. R. Civ. P. 56, the movant is entitled to

summary judgment if it shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id*. at 252.

In deciding whether there is a genuine dispute of material fact, the Court must view the facts in the light most favorable to the nonmoving party. *Id*. at 255; *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Viewing evidence in the light most favorable to the nonmoving party, we must determine whether there any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.") (citing *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)). The Court is prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

## ANALYSIS

1.  **Defendant's Objection to Plaintiff's Declaration**[4]

In support of its motion for partial summary judgment, Defendant contends that

Plaintiff's earlier deposition testimony directly contradicts the statements she made in her

declaration, and thus the declaration should be stricken and the motion should granted.

Specifically, Defendant contends that Plaintiff's statement that she "did in fact receive"

the EEOC letter "on December 21, 2021," as she testified in her deposition, is directly

contradicted by "a false statement" in her declaration that she "did not receive" the EEOC

letter. Def.'s Reply Br. at 2. (Dkt. 36.) Consequently, Defendant contends Plaintiff

cannot establish when she received the EEOC letter, and therefore the Court should

presume she received the EEOC letter three days after it was mailed to her by the EEOC

on December 15, 2020.

"The general rule in the Ninth Circuit is that a party cannot create an issue of fact

by an affidavit contradicting his [or their] prior deposition testimony." *Kennedy v. Allied*

*Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). The reasoning behind such a rule is, "if

a party who has been examined at length on deposition could raise an issue of fact simply

by submitting an affidavit contradicting his own prior testimony, this would greatly

---

[4] Defendant filed a motion to strike. (Dkt. 34.) The Court denied the motion to strike as having been filed contrary to the Court's order setting the briefing schedule when it converted the motion to dismiss to a motion for partial summary judgment. (Dkt. 41.) Nonetheless, the Court indicated it would consider the arguments raised in the motion in conjunction with its consideration of the motion for partial summary judgment, consistent with Fed. R. Civ. P. 56(c), and the Committee Notes on the 2010 Amendment which explain that there is "no need to make a separate motion to strike."

**MEMORANDUM DECISION AND ORDER - 7**

diminish the utility of summary judgment as a procedure for screening out sham issues of facts." *Id*. However, the rule should be applied with caution.

For that reason, two important limitations exists.  First, the sham affidavit rule "does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony. Rather,…the district court must make a factual determination that the contradiction was actually a 'sham.'" *Id*. at 266–67. Second, the inconsistency between a party's deposition testimony and a later affidavit must be clear and unambiguous to justify striking the affidavit. Minor inconsistencies that result from an honest discrepancy or mistake afford no basis for excluding an affidavit. *See Messick v. Horizon Indus*., 62 F.3d 1227, 1231 (9th Cir. 1995).

Here, the Court finds no basis to exclude Plaintiff's declaration, as there is no clear and unambiguous inconsistency. Plaintiff stated in her declaration she never received a copy of the EEOC letter through the mail at her physical address of record. Plaintiff's declaration, submitted under penalty of perjury, indicated she checks her mail "routinely…every other day," and that she did not receive a physical copy of the EEOC letter in her mailbox or by any other means from the EEOC.[5]

During Plaintiff's deposition, Plaintiff verified she "received a notification of your right to sue" on December 21, 2020. The objection to the question asked on the grounds

---

[5] Defendant contends Plaintiff failed to present evidence that the EEOC notice was returned to the EEOC as non-delivered, implying such evidence is required to support the statements in her affidavit. However, there may be many reasons for the non-receipt of mail other than it being incapable of delivery and thereafter returned to the sender. *See also Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1127 (9th Cir. 2007) (discussing evidence sufficient to rebut the three-day presumption).

of foundation is well-taken. Defendant's attorney did not ask any follow up questions to clarify what he meant by this initial question. For instance, he did not ask whether Plaintiff received a verbal notification, e-mail notification, or other form of notice from her attorney or from someone else, which could have been the case given the manner in which the question was phrased. Nor did Defendant's attorney clarify whether the "notification" Plaintiff acknowledged receiving was by U.S. Mail, either from her attorney or the EEOC, or whether she in fact received a physical copy of the EEOC letter on any particular date.

Thus, on the one hand, the Court is presented with a statement made by Plaintiff under penalty of perjury that, despite checking her physical mailbox every other day, she did not receive a physical copy of the EEOC letter at her address of record or by any other means from the EEOC through the mail, but that she did "receive notification" of her right to sue from someone in some manner on December 21, 2020. The Court finds no basis to exclude the declaration based on its content.

Moreover, even if the Court did exclude Plaintiff's declaration, the deposition testimony standing alone provides sufficient evidence concerning when Plaintiff may have received the EEOC letter. She was asked to confirm she "received a notification of [her] right to sue on December 21, 2020," to which she answered, "yes." At the summary judgment stage, the evidence of the non-movant is to be believed. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Because the question asked is ambiguous concerning what notice Plaintiff actually received and the manner by which she received it, and she unambiguously verified she received that notice on December 21, 2020, her

sworn testimony is sufficient to rebut the three-day delivery presumption for regular mail, as explained in the following section. *Schulman v. Wynn Las Vegas, LLC*, 593 F. App'x 673 (9th Cir. 2015).

## 2.    Statute of Limitations

Defendant argues this matter is subject to dismissal because Plaintiff did not file the complaint within 90 days after December 15, 2020, the date the EEOC letter indicates it was mailed to Plaintiff, Plaintiff's attorney, and Defendant's attorney. (Dkt. 25.) Defendant asserts application of a presumption that Plaintiff received the letter three days later, on December 18, 2020. Consequently, Defendant argues that the 90-day limitations period expired on March 18, 2021, and that Plaintiff's discrimination claims in the complaint must be dismissed.

Plaintiff contends first that Defendant waived their statute of limitations defense, because Defendant failed to assert it as an affirmative defense in its Answer. Plaintiff argues Defendant's failure to assert the defense until some seven months after the filing of the complaint, the exchange of initial disclosures, and the taking of Plaintiff's deposition, results in prejudice and unfair surprise to Plaintiff.

Alternatively, Plaintiff contends the complaint is timely filed because she did not receive a copy of the EEOC letter through the mail at her address of record or by other means, and she verified she "received a notification of [her] right to sue on December 21, 2020." Because the 90-day period commencing December 21, 2020, expired on a Sunday, Plaintiff argues the complaint was timely filed on December 22, 2020, pursuant to Fed. R. Civ. P. 6. (Dkt. 30.)

MEMORANDUM DECISION AND ORDER  - 10

## A.      Waiver of the Statute of Limitations Defense

Expiration of the statute of limitations is an affirmative defense that is generally required to be included in a responsive pleading under Rule 8 of the Federal Rules of Civil Procedure. However, the United States Court of Appeals for the Ninth Circuit allows a defendant to raise an affirmative defense for the first time in a motion for summary judgment, absent prejudice to the plaintiff. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (holding failure to raise statute of limitations defense in initial pleading did not preclude bringing motion for summary judgment based on that defense where no prejudice had been claimed by plaintiffs, and citing *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803 (9th Cir. 1982)). S*ee also Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be [pled] for the first time in a motion for summary judgment.").

The Court does not find prejudice here. The assertion of the defense occurred before the close of discovery, and prior to the dispositive motion deadline.[6] Moreover, as explained below, Defendant could not have presented its motion until it obtained discovery from Plaintiff regarding when she actually received the EEOC letter. Thus, there has been no delay in the proceedings[7] and the issue does not appear to require

---

[6] The Court's amended scheduling order indicates the close of fact discovery is December 30, 2021, and dispositive motions are due by January 31, 2022. (Dkt. 19.) Due to the pending motion, the Court granted the parties' stipulation extending all litigation deadlines. (Dkt. 43.)

[7] If the Court found delay, the Court would attribute it to Defendant. The EEOC letter indicates a copy was mailed to Defendant's counsel on December 15, 2020, and the Complaint alleges the letter was received "on or about December 21, 2020."

**MEMORANDUM DECISION AND ORDER  - 11**

additional discovery. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend....").

Other than her mere assertion of prejudice measured by litigation expenses incurred prior to assertion of the defense, Plaintiff has not demonstrated actual prejudice. Under the circumstances, mere delay, by itself, is insufficient for the Court to find waiver. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding no authority for the assertion that prejudice should be measured by litigation expenses incurred prior to raising an affirmative defense). Accordingly, in light of the above authorities, the Court concludes Defendant's failure to plead the defense does not preclude Defendant from raising it now.

## B.      Rebuttal of the Presumption of Receipt

The ADA incorporates the complaint filing procedures set forth in Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 12117(a). Title VII provides that an action must be filed within 90 days of the "giving of ... notice" of the EEOC's dismissal of a claimant's charge. 42 U.S.C. § 2000e–5(f)(1). This 90-day filing requirement constitutes a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). The failure to file a civil action within the limitations period is fatal to a plaintiff's claims. *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). The Court must "measure the start of the limitations period from the date on which the right-to-sue notice

letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1122 (9th Cir. 2007).

In the absence of evidence of actual receipt, there is a rebuttable presumption that the plaintiff received the notice three days[8] after it was placed in the mail. *Id.* at 1126. This presumption may be rebutted by "evidence suggesting that receipt was delayed beyond the presumed period" such that the plaintiff did not receive the notice "in the ordinary course." *Id.* General averments that the mail is sometimes delayed, or unsupported conjecture, will not support a finding of delayed receipt. *Id.*

Here, Plaintiff's attorney submitted a declaration that her law firm received the EEOC letter by mail at its Idaho Falls office on December 21, 2020. (Dkt. 29.) Plaintiff's legal assistant also described the process by which the law firm receives mail at its office location, the procedure for processing the mail, and that she followed the procedure on the date the firm received the EEOC letter. Accordingly, Plaintiff has submitted evidence that her counsel received the EEOC letter on December 21, 2020.

However, the court in *Payan* indicated that "[w]e measure the start of the limitations period from the date on which a right-to-sue notice letter arrives at the claimant's address of record." *Payan*, 495 F.3d at 1122. In a recent unpublished opinion, the Ninth Circuit clarified that "[t]he statute of limitations begins to run from the date on which a right-to-sue letter is delivered to either the claimant or [her] attorney, whichever

---

[8] Effective October 1st, 2021, USPS First Class Mail is now a 3 - 5 day delivery window instead of 2 - 3 days. Priority mail transit time is still 1-3 days. www.usps.com

**MEMORANDUM DECISION AND ORDER  - 13**

comes first." *Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93 (1990)).

In *Irwin*, the United States Supreme Court affirmed the district court's dismissal of an action that was filed outside of the limitations period. 498 U.S. at 92. The plaintiff in *Irwin* received the right to sue letter fifteen days after his attorney received the letter, and argued that the limitation period did not begin until the plaintiff himself received the notice. *Id*. In affirming the lower court, the Supreme Court adopted the appellate court's reasoning that notice of final action is "received" when the EEOC delivers its notice "to a claimant or the claimant's attorney, whichever comes first." *Id.*; *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1093 (5th Cir. 1989).

Following the guidance of *Rhodes* and *Irwin*, the Court finds the limitations period begins when either Plaintiff or her attorney received the letter, whichever occurred first. Plaintiff's declaration, submitted under penalty of perjury, considered together with her deposition testimony, is sufficient to rebut the three-day delivery presumption. *See Payan*, 494 F.3d at 1126. Plaintiff indicated she did not receive a physical copy of the EEOC letter at her address of record through the mail despite her routine practice of checking her physical mailbox every other day, and that she never received a copy of the EEOC letter from the EEOC via any other means. She confirmed only that she received a "notification of [her] right to sue" on December 21, 2020. The Court finds Plaintiff's statements in her declaration, and her sworn deposition testimony, sufficient to rebut the three-day presumption, and the Court will decline to presume that the EEOC letter

arrived at Plaintiff's address of record in accordance with the three-day rule. Plaintiff therefore had until March 22, 2021, to file her complaint.

The Court cannot find as a matter of law that Defendant met its burden on summary judgment, and therefore the motion will be denied. Consequently, the Court does not reach the additional arguments raised by the parties concerning the Court's exercise of its discretion to retain supplemental jurisdiction over Count V of the complaint, which arises under state law, and is not subject to the 90-day statute of limitations after receipt of the notice of right to sue.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Defendant's Motion to Dismiss (Dkt. 25), which the Court converted to a Motion for Partial Summary Judgment (Dkt. 31), is **DENIED**.

2)      In accordance with the parties' stipulation and the Court's order granting the same, (Dkt. 42, 43), the following deadlines are hereby extended as follows:

a.      ADR to be completed by **July 1, 2022**.

b.      Fact discovery to be completed by **July 1, 2022**.

DATED: May 13, 2022

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 15**