UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUE HEYREND,<br><br>               Plaintiff,<br><br>v.<br><br>BADGER MEDICAL, P.A.,<br><br>               Defendant. | Case No. 4:21-cv-00137-CWD<br><br>**ORDER** |

      Before the Court is Plaintiff's Motion for Sanctions, filed on March 11, 2023. (Dkt. 76.) The motion is fully briefed, and the Court heard oral arguments from the parties via zoom on April 21, 2023. (Dkt. 88, 89, 90, 91.) The Court issued an oral ruling denying the motion at the conclusion of the hearing, finding Plaintiff failed to meet her burden that a sanction was appropriate. The Court discussed extensively the basis for its ruling and will therefore refrain from a lengthy discussion here.

      Plaintiff claimed Defendant engaged in deceptive discovery tactics throughout the course of this litigation, which allegedly included: (a) contradictory and inconsistent discovery responses; (b) failure to produce a privilege log; (c) failure to preserve ESI; and

ORDER - 1

(d) failure to inform Plaintiff of Defendant's "clandestine acquisition mid-litigation." (Dkt. 77-1.)

The motion was filed pursuant to Fed. R. Civ. P. 37 generally, but Plaintiff's briefing referenced Rule 37(e)(2)(C) as its legal framework. Rule 37(e)(2)(C) provides that, if the Court finds a party acted with the intent to deprive another party of the use of electronically stored information that should have been preserved, and thereby deprives the opposing party from using it in litigation, the Court may dismiss the action or enter a default judgment. The party moving for spoliation sanctions under Rule 37(e) bears the burden of establishing spoliation by demonstrating that the non-moving party destroyed information or data and had some prior notice that the information or data was potentially relevant to the litigation before it was destroyed. *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

First, to the extent the motion requested sanctions for alleged discovery abuses other than ESI spoliation, the Court finds the motion was not properly brought pursuant to Fed. R. Civ. P. 37(b). Plaintiff at no time during the course of this litigation filed a motion to compel, and no court order was violated with regard to any alleged failure of Defendant to produce a privilege log or to provide more complete answers to discovery.

Second, concerning Rule 37(e), the Court finds insufficient evidence that Defendant acted with the intent to deprive Plaintiff of the use in this litigation of any specific, identifiable document or documents that may be relevant to the parties' claims or defenses. Plaintiff presented nothing more than generalities and conjecture based upon vague testimony concerning employees' general record-keeping practices while

ORDER - 2

employed at Badger Medical. As an officer of the Court, Defendant's counsel represented that, after a diligent search, Defendant and its successor in interest, Ivy Medical, produced all relevant or potentially relevant documents during discovery, including responses to the limited discovery the Court allowed after the discovery deadline expired. (Dkt. 71.)[1]

Plaintiff's Motion for Sanctions (Dkt. 76) is **DENIED**. A pretrial order and trial setting is forthcoming.

**IT IS SO ORDERED.**

DATED: April 24, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge

---

[1] Plaintiff is not, however, foreclosed from requesting an appropriate sanction at trial, provided there is sufficient evidence that a particular document existed and now no longer exists.

**ORDER - 3**