UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUE HEYREND,<br><br>                      Plaintiff,<br><br>v.<br><br>BADGER MEDICAL, P.A.,<br><br>                      Defendant. | Case No. 4:21-cv-00137-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion in Limine. (Dkt. 95.)[1] Plaintiff filed responsive briefing and the motion is at issue. (Dkt. 103, 104.) The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be

---

[1] The motion in limine filing deadline was August 16, 2023. (Dkt. 93.) Plaintiff did not file any pretrial motions by the filing deadline.

**MEMORANDUM DECISION AND ORDER - 1**

decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d). The Court will vacate the hearing on the motion set for September 15, 2023, at 10:00 a.m. (Dkt. 93.) The Court will proceed with the pretrial conference that is also set for the same date and time, in the Magistrate Judge Courtroom at the Federal Building and Courthouse in Pocatello.

## BACKGROUND

Heyrend filed a complaint against her former employer, Badger Medical, P.A., on March 22, 2021. (Dkt. 1.) She alleges a violation of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), 42 U.S.C. § 12101, *et seq.*; the Idaho Human Rights Act, § 67-5901, *et seq.*; and the common law of the State of Idaho.

### A.   *Procedural History*

The following deadlines and events are pertinent to the motion. On June 22, 2021, the Court entered a scheduling order (Dkt. 14) setting the following deadlines:

- Dispositive motions filed by December 31, 2021.
- Fact discovery competed by November 30, 2021.
- Disclosure of Experts:
    - Plaintiff must disclose the experts intended to be called at trial on or before September 1, 2021.
    - Defendant must disclose the experts intended to be called at trial on or before November 1, 2021.

**MEMORANDUM DECISION AND ORDER  - 2**

- Plaintiff must disclose rebuttal experts intended to be called at trial on or before November 22, 2021.
- ALL discovery relevant to experts must be completed by November 30, 2021.

On August 31, 2021, the Court held a telephonic status conference with counsel to inquire about discovery. Pursuant to agreements reached during that conference, the Court entered an Amended Scheduling Order (Dkt. 19) setting the following deadlines:

- Dispositive motions filed by January 31, 2022.
- Fact discovery competed by December 30, 2021.
- Disclosure of Experts:
  - Plaintiff must disclose the experts intended to be called at trial on or before October 1, 2021.
  - Defendant must disclose the experts intended to be called at trial on or before December 1, 2021.
  - Plaintiff must disclose rebuttal experts intended to be called at trial on or before December 22, 2021.
  - ALL discovery relevant to experts must be completed by: December 30, 2021.

On October 25, 2021, Defendant filed a motion to dismiss on the grounds that Plaintiff's claims were barred by the applicable statute of limitations, alleging Plaintiff did not file this lawsuit within 90 days of receipt of the right to sue letter from the Equal Employment Opportunity Commission. (Dkt. 25.) On December 22, 2021, the Court

**MEMORANDUM DECISION AND ORDER - 3**

converted the motion to a motion for partial summary judgment and entered a supplemental briefing schedule. (Dkt. 31.)

On March 31, 2022, the parties filed a stipulation to extend the fact discovery deadline.[2] (Dkt. 42.) On April 1, 2022, the Court entered an order granting the parties' stipulation to extend the litigation deadlines as follows: "Completion of Fact Discovery deadline will be extended to 45 days following the entry of a decision on the pending Motion to Dismiss which was converted to a motion for partial summary judgment per the Court's December 22, 2021 Order." (Dkt. 43.)

On May 13, 2022, the Court entered a memorandum decision and order denying Defendant's motion to dismiss and, consistent with the parties' stipulation, ordered fact discovery to be completed by July 1, 2022. (Dkt. 44.)

On December 8, 2022, Plaintiff filed a Motion to Modify Scheduling Order and Extend Litigation Deadlines. (Dkt. 60.) In this motion, Plaintiff stated that, in lieu of pursuing her remedies under Fed. R. Civ. P. 37, she believed that "a third modification of the Scheduling Order and extension of the ADR deadline in this matter [was] a more efficient use of judicial resources." (Dkt. 60.) She proposed to extend the completion of fact discovery to January 15, 2023; and extend the deadline to file a motion for summary judgment to February 20, 2023. (Dkt. 60.)

Following a status conference with the parties on December 20, 2022, the Court entered an order denying Plaintiff's motion, finding Plaintiff failed to meet the applicable

---

[2] The parties stipulated also to an extension of the ADR deadline. No other deadlines were affected by the parties' stipulation.

**MEMORANDUM DECISION AND ORDER  - 4**

standard under Fed. R. Civ. P. 6(b)(1)(B) with regard to her request to extend both the fact discovery deadline, which expired nearly four months earlier on August 15, 2022, or the dispositive motion deadline, which expired approximately ten months earlier on January 31, 2022. (Dkt. 71.) Nonetheless, the Court permitted Plaintiff the opportunity to conduct limited discovery, to be completed by January 13, 2023, related to certain documents that Defendant's successor in interest may have had in its possession relevant to Plaintiff's employment by Defendant; and, to propound requests for admission limited to confirming that Defendant had met its obligation to supplement all discovery responses. (Dkt. 71.)

On March 2, 2023, the parties informed the Court that they had an outstanding discovery dispute. (Dkt. 75.) The Court permitted Plaintiff to file a motion by March 10, 2023. Plaintiff filed a motion for sanctions on March 11, 2023, and Defendant filed a motion to strike the same due to its untimely filing. (Dkt. 76, 81.) The Court denied Defendant's motion to strike. (Dkt. 85.) Following a hearing on the motion for sanctions, the Court denied Plaintiff's motion, finding Plaintiff failed to meet her burden that a sanction was appropriate. (Order, Apr. 21, 2023, Dkt. 92.) Specifically, the Court found the motion was not properly brought because Plaintiff at no time during the course of this litigation had filed a motion to compel, and Defendant had violated no court order. (Dkt. 92.) On April 26, 2023, the Court entered a pretrial order setting this matter for jury trial to commence on October 16, 2023. (Dkt. 93.)

B.  *Defendant's Motion*

Defendant seeks an order from the Court excluding the testimony of non-retained experts Rachelle Jones, FNPC, and Rachel Adams, DNP, PMHNP-BC, NP-C, at the trial of this matter. (Dkt. 95.) Defendant presents the following facts concerning the parties' exchange of discovery relevant to experts.

On September 7, 2021, the parties exchanged initial disclosures. Decl. of Swafford Ex. A. (Dkt. 97.) Plaintiff did not disclose either Jones or Adams as non-retained experts. Following the list of persons with knowledge, Plaintiff did, however, "incorporate by reference…any of Plaintiff's treating medical providers identified within any medical records produced by Plaintiff." (Dkt. 97 at 7.)

On June 15, 2022, Plaintiff responded to Defendant's first set of interrogatories and requests for production of documents. Decl. of Swafford Ex. C. (Dkt. 97.) Interrogatory No. 6 asked for the identification of each expert Heyrend intended to call as a witness at trial. Plaintiff responded: "Heyrend has not yet determined what expert witnesses she will call to give expert testimony at the trial of this matter. However, Heyrend will comply with all court orders and will provide this information as ordered by the Court." (Dkt. 97 at 30.) Defendant represents that Plaintiff has not supplemented her response to Interrogatory No. 6.

On August 15, 2022, Plaintiff served on Defendant her Supplemental and Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). Decl. of Swafford Ex. D. (Dkt. 97.) In this disclosure, Defendant states that Plaintiff, for the first time, disclosed Jones and Adams as non-retained experts. The disclosure follows:

**MEMORANDUM DECISION AND ORDER - 6**

| SUPPLEMENTAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(i) | | |
|---|---|---|
| Rachelle Jones, FNPC<br>*Non-Retained Expert* | c/o Kelsie Kirkham and Jason Mau, Parsons Behle & Latimer<br>350 Memorial Drive, Suite 300<br>Idaho Falls, Idaho 83402 | Ms. Jones has been Ms. Heyrend's general treating provider at Vista Healthcare in Rexburg. Ms. Jones treated Ms. Heyrend prior to and following her termination of employment from Badger Medical, including for hormone deficiencies. Ms. Jones has knowledge regarding Ms. Heyrend's medical conditions and treatment. |
| Rachel Adams, DNP, PMHNP-BC, NP-C<br>*Non-Retained Expert* | c/o Kelsie Kirkham and Jason Mau, Parsons Behle & Latimer<br>350 Memorial Drive, Suite 300<br>Idaho Falls, Idaho 83402 | Dr. Adams was Ms. Heyrend's mental health treating provider at Integrated Counseling and Wellness following Ms. Heyrend's termination of employment from Badger Medical and release from the University of Utah. Dr. Adams has knowledge regarding Ms. Heyrend's mental health conditions and treatment. |

(Dkt. 97 at 49.)

Defendant argues that the testimony of Jones and Adams should be excluded at trial for the following reasons: (1) Plaintiff failed to disclose these witnesses by the Court ordered deadline of October 1, 2021; and (2) Plaintiff failed to provide the minimum required disclosures for non-retained expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C). Defendant asserts that application of Fed. R. Civ. P. 37(c)(1) prohibits Plaintiff from using these two witnesses to supply evidence at trial. Defendant contends

MEMORANDUM DECISION AND ORDER - 7

also that the failure to disclose these witnesses is not harmless and it would be highly prejudicial to Defendant if these non-retained experts are allowed to testify at trial. (Dkt. 96.)

Plaintiff does not deny the above facts. However, she asserts that the testimony of Jones and Adams should not be excluded. Plaintiff advances the following arguments: (1) Defendant has known the identity of these witnesses and the subject matter of their testimony for "almost an entire year;" (2) Plaintiff's disclosure is in compliance with Fed. R. Civ. P. 26(a)(2)(D)(i), which permits a party to disclose the identity of their expert witnesses and a summary of the facts and opinions to which the witness is expected to testify at least 90 days before the date set for trial; and, (3) when called as non-retained experts, treating physicians may testify regarding "diagnosis, causation, and prognosis so long as that testimony is 'related to the care and treatment of the patient.'" In support of her arguments, Plaintiff cites *Garriott v. W. Med. Assocs., PLLC*, No. 2:16-cv-00081-CWD, 2017 WL 4411036, at *4 (D. Idaho Oct. 4, 2017).

In reply, Defendant argues Plaintiff misreads Fed. R. Civ. P. 26(a)(2)(D)(i). Defendant explains that the rule permits disclosure of expert witnesses 90 days before trial "absent a court order or stipulated agreement." Because the Court issued an amended scheduling order setting a deadline for disclosure of Plaintiff's experts by October 1, 2021, which deadline was not modified, Plaintiff's disclosure was untimely. Second, Defendant asserts Plaintiff failed to make an appropriate disclosure of the subject matter on which the witnesses are expected to present evidence, and a summary of the facts and opinions to which the witnesses are expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

**MEMORANDUM DECISION AND ORDER - 8**

Defendant argues *Garriott* is not relevant, and directs the Court to *Sabo v. Fiskars Brands, Inc.*, Case No. 2:12-cv-00503-EJL, 2015 WL 12750276 at *5 (D. Idaho Dec. 4, 2015) and *Merchant v. Corizon Health*, Case No. 1:17-cv-00524-BLW (Order, Dkt. 17), *aff'd*, 993 F.3d 733 (9th Cir. 2021).

## LEGAL STANDARDS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

Where a motion in limine is granted, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

## DISCUSSION

Fed. R. Civ. P. 26(a)(2)(D)(i) establishes the timing of expert witness disclosures. The Rule requires a party to make disclosures of expert testimony "at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made…at least 90 days before the date set for trial…."

**MEMORANDUM DECISION AND ORDER  - 9**

Rule 26(a)(2)(A) sets forth what disclosures must be made. A party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) states that an expert disclosure must be accompanied by an expert report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). "[T]reating physicians are not required to present written reports under Rule 26(a)(2)(B) so long as the opinions the witness intends to testify to 'were formed during the course of treatment.'" *Penny v. State Farm Mut. Auto. Insur. Co.*, 2020 WL 5743037, at * 1 (W.D. Wash. Sept. 25, 2020) (quoting *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011)). If an expert intends "to render expert testimony beyond the scope of the treatment rendered," however, the expert must provide a written expert report. *See id*.

Although treating physicians need not provide an expert report in order to testify, if a party intends to offer expert opinions from a treating physician, the party must disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be

heard…may impose other appropriate sanctions, including any of the orders listed in Rule 27(b)(2)(A)(i) – (vi)." Fed. R. Civ. P. 37(c)(1).

Pursuant to the above procedural rules, the Court will preclude Plaintiff from calling Jones and Adams to testify at trial. "[F]louting the generally applicable procedural rules – the rules of the game that all parties are entitled to rely upon and expect courts to enforce – has consequences." *Merchant*, 993 F.3d at 733. Rule 26(a)(2) requires parties to disclose all expert witnesses "at the times and in the sequence that the court orders." *Id.* at 739 (quoting *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)). Here, Plaintiff disclosed Jones and Adams 318 days past the October 1, 2021 expert disclosure deadline set by the Court.[3] Yet, these treatment providers were known to Plaintiff long before then – she represents they treated her at or near the time of the termination of her employment with Defendant.

Plaintiff does not even acknowledge the court-ordered disclosure deadline, instead arguing her disclosures were timely because they occurred more than 90 days prior to trial. Plaintiff blatantly misreads Rule 26(a)(2)(D)(i), and misunderstands the significance of court-ordered deadlines applicable to required disclosures. The 90-day rule applies

---

[3] The disclosure also occurred 45 days past the extended fact discovery deadline of July 1, 2022, agreed to by the parties and accepted by the Court in its order dated May 13, 2022.

**MEMORANDUM DECISION AND ORDER - 11**

only absent a stipulation or court order. Here, there was a court order requiring disclosure on October 1, 2021. Plaintiff failed to meet that deadline.[4]

Moreover, the Court finds Plaintiff's non-retained expert disclosures neither specify nor summarize each witness's anticipated testimony. Simply saying that a treating provider has knowledge about Plaintiff's medical or mental health conditions and treatment is insufficient. Defendant is not required to comb through the medical records and discern for themselves that particular testimony Jones and Adams may provide at trial. The mere production of medical records does not constitute a disclosure stating the particular subject matter on which either treatment provider is expected to present at trial. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018), *cited in Merchant*, 993 F.3d at 741. While medical records may contain facts and opinions, they do not disclose what facts and what opinions will be provided by either witness. *Id.* Thus, Plaintiff's sweeping disclosures that Jones and Adams may testify about Plaintiff's medical or mental health conditions and treatment do not satisfy the requirements of Rule 26(a)(2). *See Merchant*, 993 F.3d at 740 (finding plaintiff neither specified nor summarized each non-retained expert's anticipated testimony).

---

[4] Plaintiff's non-compliance with Rules 26 and 37 is emblematic of Plaintiff's approach to the Federal Rules of Civil Procedure throughout this matter. For instance, when Plaintiff realized the amended dispositive motion deadline had come and gone, she filed a motion for extension long after the fact, and did not identify the correct standard for such a motion. She filed her motion for sanctions one day late, despite agreeing to the court-ordered briefing schedule. She also failed to recognize the applicable standard for filing a motion for sanctions. Counsel has an obligation to familiarize themselves with the procedural rules of the game. Plaintiff's counsel repeatedly has not done so.

**MEMORANDUM DECISION AND ORDER - 12**

The sanction of exclusion set forth in Rule 37(c)(1) is automatic, in that the Court may properly impose an exclusion sanction even when the evidence was disclosed mere days past the court-imposed deadline or might be case dispositive. *Merchant*, 993 F.3d at 740 (noting certain disclosures were only five days late, yet excluding the witnesses' declarations nonetheless). A party may escape the "harshness of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Id.* (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) and Fed. R. Civ. P. 37(c)(1)). Here, Plaintiff proves neither. Plaintiff asserts the late (and incomplete) disclosures were harmless by noting that they occurred well before trial. But, a late disclosure is almost never harmless, because it prevents the opposing party from marshalling a response. Moreover, Plaintiff does not provide any explanation as to why she could not have met the expert disclosure deadline, or have timely requested an extension.

In addition, a party facing sanctions pursuant to Rule 37 must "avail himself of the opportunity to seek a lesser sanction" by formally requesting one from the Court. *Merchant*, 993 F.3d at 741 (quoting *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018)). No motion in compliance with the rule requesting lesser sanctions has been filed; instead, Plaintiff rests on her opposition to Defendant's motion in limine. Under these circumstances, the Court is not required to consider any lesser sanctions and may exclude the evidence. *Id.* at 742 (citing *R & R Sails, Inc. v. Ins.Co. of Pa.*, 673 F.3d 1240, 1246–48 (9th Cir. 2012) (noting *R&R Sails*'s lesser-

**MEMORANDUM DECISION AND ORDER - 13**

sanction requirement is limited to situations where the request for an alternative sanction is presented "on [the noncompliant party's] motion," citing Fed. R. Civ. P. 37(c)(1)).

Plaintiff insists *Garriott* allows the Court to admit the testimony of a treating physician over Defendant's objection and to simply limit such testimony to diagnosis, treatment, causation, and prognosis, and to testify about their opinions, provided such opinions were formed during the course of treatment. 2017 WL 4411036 at *5. In *Garriott*, however, the plaintiff had timely disclosed the identity of his treating providers, and the scope of their purported testimony was well known to the defendants. *Id.* The Court merely explained that, as non-retained experts, Fed. R. Civ. P. 26(a)(2)(B) did not apply and, as treating physicians, they could testify as percipient witnesses about the care and treatment of the plaintiff and any opinions formed during that treatment. *Id. Garriott* is wholly inapposite here, because Plaintiff failed to timely disclose the identity of her treating providers until after the disclosure deadline, and she did not provide a summary of the facts and opinions to which the witnesses were expected to testify. *See, e.g., Sabo*, 2015 WL 12750276 at *5 (explaining that the plaintiff's Rule 26(a)(2)(C) disclosures concerning certain of his treating physicians satisfied the rule because they included summaries of the facts and opinions to which each physician was expected to testify and a statement of the opinions from the physicians).

## CONCLUSION

The rules are the rules – "they mean what they say and say what they mean…it's just that straightforward." J. Winmill, *Merchant*, Case No. 1:17-cv-00524-BLW, Tr. at 41, 42. (Dkt. 75.) The Court has been somewhat lenient with other deadlines. But, the

**MEMORANDUM DECISION AND ORDER - 14**

Court cannot do so now in light of clear authority from the Ninth Circuit affirming the Court's decision in *Merchant* to exclude late-disclosed expert witnesses pursuant to Fed. R. Civ. P. 37(c)(1). Accordingly, the Court will grant Defendant's motion. Jones and Adams may not be called as witnesses to testify at trial.

During trial, the parties are directed to advise the Court in advance of any other time consuming evidentiary issues they anticipate arising so that the Court may address the same outside the presence of the jury. The parties must do so by notifying the Court's Staff Attorney regarding such issues well in advance of the evidence being offered.

**MEMORANDUM DECISION AND ORDER  - 15**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant's Motion in Limine (Dkt. 95) is **GRANTED** and the hearing set on the motion on September 15, 2023, is **VACATED**.

The Court will proceed with the pretrial conference, currently set for 10:00 a.m. on September 15, 2023, in the Magistrate Judge Courtroom at the Federal Building and Courthouse in Pocatello.

**IT IS FURTHER ORDERED** that the trial in this matter is set to begin on Monday, October 16, 2023, at 9:30 a.m. in Pocatello, Idaho and will conclude no later than October 20, 2023. The parties are strongly advised to confer prior to trial and attempt to reach stipulations to exhibits and evidence.

DATED: August 30, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge